## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

DirecTV, Inc.,

                Plaintiff,

                                     Civ. No. 03-6336 (RHK/AJB)
                                     **ORDER**

v.

Richard Glasgow,

                Defendant.

---

On October 7, 2004, the parties to the above-entitled action reached a settlement before Magistrate Judge Boylan. (See Doc. No. 9.) On October 8, 2004, the undersigned entered the following Order of Dismissal:

> The Court having been advised that the above action has been settled, the parties needing additional time to finalize a settlement agreement,
> IT IS HEREBY ORDERED that this action is dismissed with prejudice, the Court retains jurisdiction for sixty (60) days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms.

(Doc. No. 10.) The Order of Dismissal did not incorporate the terms of the settlement and the Court only retained jurisdiction for sixty days.

On May 31, 2005, more than sixty days later, the parties filed a document entitled Stipulated Permanent Injunction. (See Doc. No. 11.) That document states:

> WHEREAS, DIRECTV and Richard Glasgow have been engaged in litigation, and Richard Glasgow denies any liability or wrongdoing in this case, and

>WHEREAS, the parties have agreed to settle the case;
>IT IS HEREBY STIPULATED by and among the parties that the attached Permanent Injunction be entered by the Court without further notice of process.

(Id.) No Permanent Injunction is attached to this document. However, the parties emailed a proposed Permanent Injunction to the undersigned for signature.

In the Court's view, the parties are attempting to "submit and file a stipulated form of final judgment." (Doc. No. 10.) However, the Court determines that it lacks subject matter jurisdiction over the matter because the case was dismissed with prejudice and the Court's retained jurisdiction expired before the parties filed their stipulation. Issues of subject matter jurisdiction can be raised at any time, even by the Court. See, e.g., Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993). In the alternative, it appears that the parties are seeking an order enforcing the settlement agreement. However, the Court also lacks subject matter jurisdiction over that matter. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994); 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003); Hayden & Assocs., Inc. v. ATY Bldg. Sys., Inc., 289 F.3d 530, 532 (8th Cir. 2002). Accordingly, because there is no subject matter jurisdiction, the parties' request for the entry of a Permanent Injunction by the Court is **DENIED**.

Dated: August 12, 2005        s/Richard H. Kyle
                              RICHARD H. KYLE
                              United States District Judge